**Christopher WARBURTON,
Plaintiff-Appellant,**

**v.**

**Joan HOFFMAN, Jay Hamilton, Jeremy Travis, Defendants-Appellees,**

**John Jay College of Criminal Justice, Defendant.**

**No. 16-2532**

United States Court of Appeals, Second Circuit.

February 13, 2017

FOR APPELLANT: Daniel J. Kaiser, Kaiser Saurborn & Mair, P.C., New York, NY.

FOR APPELLEES: David Lawrence III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York.

PRESENT: Pierre N. Leval, Guido Calabresi, Susan L. Carney, Circuit Judges.

### SUMMARY ORDER

Plaintiff-Appellant Christopher Warburton is an African-American former assistant professor in the economics department at John Jay College of Criminal Justice. In his complaint, Warburton alleges that Defendants discriminated and retaliated against him on the basis of his race in their decision denying him reappointment and tenure. He pleads claims under the United States and New York State Constitutions. The District Court dismissed the complaint for failure to state a claim. On appeal, Warburton challenges only the District Court's dismissal of his discrimination claim under the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

On *de novo* review, we conclude that the District Court properly dismissed the complaint for failure to state a claim. Warburton contends that the District Court incorrectly employed a heightened pleading standard when it dismissed his discrimination claim. We disagree. The District Court properly applied the standards recently articulated by this Court in *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015), and *Vega v. Hempstead Union Free School District*, 801 F.3d 72 (2d Cir. 2015). In those opinions, this Court clarified the pleading standards governing employment discrimination claims in view of the Supreme Court's landmark decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See Vega*, 801 F.3d at 87; *Littlejohn*, 795 F.3d at 311. We see no error in the District Court's articulation or application of these standards.

To the extent Warburton also argues that, even under these standards, his complaint pleads sufficient facts to support a claim of discrimination, we conclude, for substantially the reasons stated by the District Court, that the complaint does not do so.

\* \* \*

We have considered all of Warburton's arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED.**